IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00911-PSF-BNB

KAREN HOWSAM, Individually, and as
Trustee for the E. Richard Howsam, Jr. Irrevocable Life Insurance Trust,
Dated May 14, 1982,

    Claimant,

v.

DEAN WITTER REYNOLDS, INC.,

    Respondent.

## ORDER ON MOTION TO CONFIRM ARBITRATION AWARD

This matter comes before the Court on Claimant's Motion to Confirm Arbitration Award (part of Dkt. # 1), which was originally brought in Denver County, Colorado District Court on May 13, 2005.  It was timely removed by the respondent to this federal court based upon diversity of citizenship, with claimant a Colorado citizen and respondent a Delaware corporation having its principal place of business located in New York.  The claimant seeks to confirm an arbitration award entered on April 20, 2005 (Exhibit C to Motion to Confirm, hereafter "Award").  Respondent cross-moves to vacate the arbitration award (Dkt. # 5).  The motions have been fully briefed and are ripe for disposition.

**BACKGROUND**

The underlying dispute has a long history, including a United States Supreme Court ruling.  *Howsam v. Dean Witter Reynolds, Inc.*, 579 U.S. 79 (2002).  On April 20,

2005, a three-arbitrator panel awarded the claimant, Karen Howsam, individually and as trustee for the E. Richard Howsam, Jr. Irrevocable Life Insurance Trust dated May 14, 1982, the sum of $1,342,267.61 in compensatory damages.  The removed action sought to confirm that award plus statutory interest.

After claimant's husband's death in 1986, she opened securities accounts with Respondent Dean Witter Reynolds, Inc., now known as Morgan Stanley DW, Inc. ("Dean Witter").  Investments included four limited partnerships purchased by claimant for about $550,000, of which claimant asserts Dean Witter commissions totaled approximately $46,000.  Two of the partnerships were Dean Witter products.  Another, Public Storage Properties 17 Limited Partnership, was underwritten by Dean Witter, and the fourth was Century Growth Properties 22 Limited Partnership.  The partnerships were represented to claimant as long-term investments that would provide income and growth and value for five- to twelve-year periods.

From 1986 through March 1992, the Public Storage and Century Properties partnerships, having a total value of about $400,000, were not listed on the Dean Witter monthly account statements.  A representative of respondent had assuaged claimant that he had been monitoring the partnerships and that all of them continued to be good and valuable investments.  However, claimant asserted that the investments were unsuitable to her and her trust's needs.  Claimant closed her accounts toward the end of 1994 after receiving correspondence indicating a erosion in the value of the partnerships since their acquisitions.

Claimant filed a claim with the National Association of Securities Dealers, Inc. ("NASD") in March 1997. The statement of claim alleged breaches of fiduciary duties by Dean Witter, and two of its individual registered representatives, Robert Howard and Paul Siler, including claims of unsuitability, bad advice, failure to monitor the investments or keep claimant apprised of their value. In July 1997, claimant dismissed her claims against Siler (Award at 3 of 7). In the same month, respondent countered with a lawsuit in this district court, seeking to enjoin the arbitration on the basis the claims were precluded by what is now NASD Code of Arbitration Procedure § 10304 (formerly § 15). That rule states that no dispute "shall be eligible for submission to arbitration . . . where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy . . . ." The lower courts grappled with who, the arbitrators or the courts, decided as an initial matter the applicability of this rule to the dispute. Ultimately, in a decision dated December 10, 2002, the United States Supreme Court ruled that the issue of arbitrability presented in the case was properly submittable in the first instance to the arbitrators for disposition rather than to the courts. 537 U.S. at 85-86, *reversing Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956 (10th Cir. 2001).

In a ruling entered after an evidentiary pre-hearing held on February 12, 2004, the arbitrators denied Dean Witter's request for a determination that the claims against it were barred by § 10304, but granted the request of Respondent Howard for a dismissal of the claims against him based on the rule. Award at 4 of 7. In its motion to vacate the award, Dean Witter challenges this ruling and other aspects of the Award.

While the Award did not need to address with specificity every claim and defense posed, and indeed it was not so comprehensive, it did reach the following conclusions:

1) Respondent, Dean Witter Reynolds, Inc. is liable for and shall pay to Karen Howsam, individually and as Trustee for the E. Richard Howsam, Jr. Irrevocable Life Insurance Trust dated May 14, 1982, the sum of One Million Three Hundred Forty Two Thousand Two Hundred Sixty Seven Dollars and Sixty One Cents ($1,342,267.61) in compensatory damages, inclusive of pre-judgment interest;

2) Respondent, Dean Witter Reynolds, Inc., is liable for and shall pay to Karen Howsam, Individually and as Trustee for the E. Richard Howsam, Jr. Irrevocable Life Insurance Trust dated May 14, 1982, post-judgment interest at the Colorado statutory rate from the date of service of this award until this award is paid in full;

3) Respondent, Dean Witter Reynolds, Inc.'s counterclaims, unless granted in the February 15, 2004 Order, are hereby denied and dismissed with prejudice;

4) To the extent not specifically awarded or otherwise provided for above, all other claims and requests for relief by any party hereto, are denied with prejudice; and

5) Other than the Forum Fees . . . below, the parties shall bear all other costs and expenses incurred by them in connection with this proceeding, including but not limited to attorneys' fees.

**APPLICABLE LAW**

A district court's review of an arbitration award under the FAA is "strictly limited." It is a "highly deferential" standard of review, which has been described as "among the narrowest known to the law." *Bowen v. Amoco Pipeline Co.*, 254 F.3d 925, 932 (10th Cir. 2001) (quoting *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995)). This is because "[b]y agreeing to arbitrate, a party trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition

of arbitration." *Brown v. Coleman Co., Inc.*, 220 F.3d 1180, 1182 (10th Cir. 2000), *cert. denied*, 531 U.S. 1192 (2001) (quoting *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 31 (1991)).  A court may not, therefore, independently judge an arbitration award.  *Ormsbee Dev. Co. v. Grace*, 668 F.2d 1140, 1147 (10th Cir.), *cert. denied*, *Grace v. Santa Fe Pac. Railroad Co.*,459 U.S. 838 (1982).

A court may vacate an arbitration award only in the limited circumstances provided in § 10 of the FAA, 9 U.S.C. § 10, or in accordance with a few judicially created exceptions.  *Denver & Rio Grande Western Railroad Co. v. Union Pacific Railroad Co.*, 119 F.3d 847, 849 (10th Cir. 1997).  Section 10(a) of the FAA contemplates vacating an arbitration award where it was procured by corruption, fraud, or undue means; where there was evident partiality or corruption by one or more arbitrators; where the arbitrators improperly refused to postpone the hearing or refused to receive relevant evidence or other such procedural irregularity; or, where the arbitrators exceeded their powers.

The nonstatutory bases for vacating an award are similarly circumscribed.  In the Tenth Circuit a court can vacate an arbitration award where there was a manifest disregard of law, a violation of public policy or the denial of a fundamentally fair hearing.  *Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir. 2001).  Manifest disregard of the law means any "willful inattentiveness to the governing law," and something "more than error or misunderstanding with respect to the law."  *ARW Exploration Corp.*, *supra*, 45 F.3d at 1463.  "An arbitrator's erroneous interpretations or applications of law are not reversible."  *Id.*

**DISCUSSION**

Here, Dean Witter's main challenge is that the arbitrators exceeded their authority in finding on February 12, 2004 that claimant's claims were not barred by the NASD Code six-year arbitration provision, § 10304, as she waited 11 years, until 1997, to bring her claims as to the investments made in 1986, and thereafter granting relief on a claim untimely based on this rule. Worse, according to respondent, the arbitrators knew they were exceeding their authority as can be seen by "incongruously" finding against Dean Witter based on investments its agent recommended, yet dismissing all claims against the agent individually under the six-year rule. Response to Motion to Confirm at 2.

However, evidence presented at the February 12, 2004 pre-hearing supported dismissal of the claims against the individual agent, as he was only in charge of claimant's accounts for two or three months in 1986, had only one meeting with claimant, and had left Dean Witter in 1988. (Partial Transcript of pre-hearing of February 12, 2004, Exhibit E in Appendix to Respondent's Response filed June 10, 2005, at 24:6, 24:11-12, 156:3-4, 227:21). No showing was made that Dean Witter should have been dismissed as well for the same reasons, or that there were not other reasons for proceeding on the claims against that entity. Moreover, holding a brokerage house liable for negligence without also holding an individual broker so liable does not necessarily demonstrate a manifest disregard for the law. *Barkan v. Lehman Bros., Inc.*, 2005 WL 1863672 *4 (S.D.N.Y., Aug. 4, 2005).

There was also support for finding respondent's culpable acts or omissions spilling into the six-year period immediately preceding the assertion by claimant of her claims. The voluminous law cited by the parties does not reveal that § 10304 establishes an absolute rule of repose irrespective of ongoing wrongful acts or omissions of an arbitral respondent. *See e.g. Kidder Peabody & Co. v. Brandt*, 131 F.3d 1001, 1004 (11th Cir. 1997) (The "occurrence or event" giving rise to a claim under the NASD Code is the last occurrence or event necessary to make the claim viable, declining to interpret the predecessor to § 10304 "that would render some claims ineligible for arbitration before they came into existence.") In other words, the purchase date of an investment does not always trigger the running of the six-year period under § 10304. *Osler v. Ware*, 114 F.3d 91, 93 (6th Cir. 1997).

Given such legal support as the Supreme Court ruling in *Howsam*, *Kidder Peabody & Co. v. Brandt* and *Osler*, and the case law cited therein, it cannot be said that the arbitrators conclusions reflect "willful inattentiveness to the governing law," if there were any error at all. Dean Witter has made no showing of something "more than error or misunderstanding with respect to the law." *See ARW Exploration Corp.*, *supra,* 45 F.3d at 1463. As such, the Tenth Circuit's interpretation of the Federal Arbitration Act that "an arbitrator's erroneous interpretations or applications of law are not reversible," (*id.*) assuming error even occurred, applies here. There are a host of possible scenarios supported by the evidence at the arbitration that point to no error at all, just a finding of longstanding improper conduct committed by a fiduciary as against an individual investor continuing within six years of claimant pursuing her claims.

7

Dean Witter has simply failed in establishing arbitrator error mandating setting aside the award.

Moreover, the fact that other portions of claimant's account did not poorly perform is no defense to the losses suffered by claimant determined by the arbitrators to be owing to respondent's improprieties as to other investments. Respondent's other arguments are similarly unavailing, including its attack on the arbitrator's damages methodology. *See Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 2005 W.L. 3307384 *5-6 (10th Cir. Dec. 7, 2005) (summarizing judicial standards of review of arbitrator's damages awards, noting that courts will not interfere with an arbitration decision unless it can be said with positive assurance that the contract is not susceptible to the arbitrator's interpretation). Again, Dean Witter's efforts to show error are insufficient.

**CONCLUSION**

Claimant's Motion to Confirm Arbitration Award (part of Dkt. # 1) is GRANTED. Respondent's Cross-Motion for Order to Confirm Arbitration Award (Dkt. # 3) is DENIED.

The Clerk of the Court is directed to enter judgment for claimant, together with costs pursuant to Rule 54(d)(1), F.R.Civ.P.

DATED: December 21, 2005

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge